1   MORGAN, LEWIS & BOCKIUS LLP
    KENT M. ROGER, State Bar No. 095987
2   PATRICIA S. KIM, State Bar No. 237483
    One Market, Spear Street Tower
3   San Francisco, CA  94105-1126
    Tel:  415.442.1000
4   Fax: 415.442.1001
    kroger@morganlewis.com
5   pskim@morganlewis.com

6   Counsel for Defendant Pearson Education, Inc.

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12  FREDERIC H. MARTINI, INC., a Hawaii
    Corporation,
13                                              Civil Case No.
                    Plaintiff,
14                                              **NOTICE OF REMOVAL OF ACTION**

15          vs.                                 **28 U.S.C. § 1441(b) (Diversity)**

16  PEARSON EDUCATION, INC., a                  Date of filing:  February 5, 2007 (in
    Delaware Corporation, dba Benjamin          San Francisco County Superior Court)
17  Cummings,

18                  Defendant.

19          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20
21          PLEASE TAKE NOTICE that DEFENDANT PEARSON EDUCATION, INC.

22  ("Pearson" or "Removing Defendant") removes to this Court the state court action described

23  below on the basis of the Court's removal jurisdiction under 28 U.S.C. § 1441.

24          In support of removal, Pearson states the following:

25          1.      On or about February 5, 2007, Plaintiff Frederic H. Martini, Inc. ("Plaintiff")

26  commenced an action in the Superior Court of California in and for the County of San Francisco

27  entitled Frederic H. Martini, Inc. v. Pearson Education, Inc., Case Number 07-507004, by filing a

28  Petition to Vacate Contractual Arbitration Award ("Petition").  A true and correct copy of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7505191.1                                  CIVIL CASE NO_____.
                                                NOTICE OF REMOVAL

1   Petition is attached and incorporated as Exhibit A.

2       2.      Removing Defendant was served with the Petition and Notice of Hearing of

3   Petition to Vacate Contractual Arbitration Award ("Notice of Hearing") on February 8, 2007 by

4   service on Pearson's agent, Corporation Service Company ("CSC"). A true and correct copy of

5   the Notice of Hearing is attached hereto and incorporated as Exhibit B. On February 16, 2007,

6   Removing Defendant received the Proof of Service of Notice of Hearing of and Petition to Vacate

7   Contractual Arbitration Award ("Proof of Service"). A true and correct copy of the Proof of

8   Service is attached hereto and incorporated as Exhibit C.

9       3.      No other proceedings have been held in the State Court Action. The Petition,

10  Notice of Hearing, and Proof of Service constitute all process, pleadings, and orders filed in this

11  case.

12      4.      As stated in the Petition, a related case between the same parties is pending in the

13  United States District Court, Northern District of California, San Francisco, Civil Case Number

14  04-04187 before the Honorable Susan Illston. A true and correct copy of the First Amended

15  Complaint filed in the pending Federal Court Action is attached hereto as Exhibit D.

16                  **BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

17      5.      Pursuant to 28 U.S.C. § 1441, any civil action over which the district courts of the

18  United States have original jurisdiction may be removed from state to federal court.

19      6.      This Court has original jurisdiction under 28 U.S.C. § 1332(a) due to diversity of

20  citizenship and amount in controversy.

21      7.      Complete diversity exists between the parties.

22          a)      Removing Defendant is informed and believes that when the Petition

23                  was filed and at the time of the filing of this Notice of Removal,

24                  Plaintiff was and is a corporate citizen of the State of Hawaii. See

25                  Petition, Ex. A, Caption; see also First Amended Complaint, Ex. D, ¶ 3

26                  (stating that "Plaintiff, Frederic H. Martini, Inc. is a Hawaii

27                  Corporation whose principal offices are located at 5071 Hana Highway,

28                  Haiku, Hawaii 96708-9354").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7505191.1

2

CIVIL CASE NO_____.
NOTICE OF REMOVAL

b)   When the Petition was filed and at the time of the filing of this Notice of Removal, Removing Defendant Pearson was and is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

8.   Removing Defendant is informed and believes that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The arbitration ruling that Plaintiff seeks to vacate denied Plaintiff's claim for $233,324 in asserted royalties, plus $77,666 in asserted auditor's fees. See Exhibit 3 of Petition, Ex. A, at 2, line 3. Thus Removing Defendant is informed and believes that the actual amount in controversy is at least $310,990.00.

## PROCEDURAL STATEMENTS

9.   <u>All Defendants Join in Removal.</u> Removing Defendant is the only defendant in this case.

10.   <u>Removal is Timely.</u> This Notice of Removal is filed within the time limited permitted by 28 U.S.C. § 1446(b) because not more than 30 days have passed between Removing Defendant's receipt of the Petition and the filing of this Notice of Removal.

11.   <u>Venue is Proper.</u> Venue in this Court is proper under 28 U.S.C. § 1441(a) because this district embraces the place in which the State Court Action was filed. Local Rule 3-2 provides that civil actions arising in the County of San Francisco shall be assigned to the San Francisco Division or the Oakland Division.

12.   <u>All State Court Pleadings Are Attached.</u> All pleadings, process, and orders served upon Removing Defendant from the State Court Action are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a) as Exhibit A (Petition and its Exhibits and Notice of Hearing) and Exhibit B (Notice of Service of Process).

13.   <u>Filing of State Court Action.</u> A true and correct copy of this Notice of Removal will be filed promptly with the Clerk of the San Francisco Superior Court, as required by 28 U.S.C. § 1446(d).

14.   <u>Service Upon Plaintiff.</u> Written notice of the filing of this Notice of Removal has been or will be given to Plaintiff as required by law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7505191.1

3

CIVIL CASE NO_____.
NOTICE OF REMOVAL

15. <u>Civil Case Cover Sheet</u>. A Federal Civil Cover Sheet accompanies this Notice of Removal.

WHEREFORE, pursuant to 28 U.S.C. § 1441 and in accordance with the procedures set forth in 28 U.S.C. § 1446, Removing Defendant respectfully requests that further proceedings in the State Court Action be discontinued, and that this suit be removed to the United States District Court for the Northern District of California.

Dated: February 20, 2007

By _____

KENT M. ROGER, State Bar No. 95987
PATRICIA S. KIM, State Bar No. 237483
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.441.1001
kroger@morganlewis.com
pskim@morganlewis.com

Counsel for Defendant Pearson Education, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7505191.1

4

CIVIL CASE NO_____.
NOTICE OF REMOVAL

1

2

## CERTIFICATE OF SERVICE

3

4

    I hereby certify that on February 20, 2007, a true and correct copy of the foregoing Notice

5

of Removal of Action was served via electronic mail and U.S. First Class Mail upon the

6

following:

7

8

               Michael R. Lennie, Esquire
Law Offices of MICHAEL R. LENNIE APC

9

               2255 Avenida De La Playa, Suite No. 7b2
La Jolla, CA 92037

10

               michael@lennieliterary.com

11

               *Counsel for Plaintiff*

12

13

14

               Patricia S. Kim

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1-SF/7505191.1

1

CIVIL CASE NO_____.
CERTIFICATE OF SERVICE

# EXHIBIT A

1 | Michael R. Lennie SBN 48191
Law Offices of MICHAEL R. LENNIE APC
2 | 2255 Avenida De La Playa, Suite No. 7b2
La Jolla, CA 92037
3 | (858) 456-0138
(858) 456-1893 Facsimile

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

FEB 0 5 2007

GORDON PARK-LI, Clerk
BY: _____JUN P. PANELO_____
Deputy Clerk

8 |          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |              CITY AND COUNTY OF SAN FRANCISCO

11 | FREDERIC H. MARTINI, INC., a     )
                                    )
12 | Hawaii Corporation,             )
                                    )
13 |          Petitioner,           )   Case No.:  CPF-07-507 0 04
                                    )
14 |     vs.                        )
                                    )
15 | PEARSON EDUCATION, INC., a      )
                                    )
16 | Delaware Corporation, dba       )
                                    )
17 | Benjamin Cummings,              )
                                    )
18 |          Respondent

19 | _____

20 |     **PETITION TO VACATE CONTRACTUAL ARBITRATION AWARD**
                  [CCP Section 1285 et seq.]
21 |
22 | ///
23 | ///
24 | ///
25 | ///
     ///

1    This Motion to Vacate the Contractual Arbitration Award is

2    made by PETITIONER under California Code of Civil Procedure

3    section 1285 et seq., and is based on the Points and Authorities

4    and exhibits attached hereto and incorporated herein and on oral

5    argument, if any.

6    This motion requests the court to vacate an award in an

7    arbitration conducted according to an agreement between the

8    parties that is subject to Code of Civil Procedure section 1285

9    et seq.  A court case is already pending in the United States

10   District Court, Northern District of California, San Francisco,

11   Case No. CV 04-04187 SI.

12   PETITIONER and RESPONDENT are both corporations.  This

13   petition involves a dispute over an amount in excess of

14   $25,000.00.  This is the proper court because this is the court

15   in the County where the arbitration was held (CCP§ 1292.2).

16   **Agreement To Arbitrate**: With Case No. CV 04-04287 SI

17   pending, PETITIONER and RESPONDENT engaged in an Alternative

18   Dispute Resolution (ADR)sponsored by the U.S. District Court on

19   August 1, 2005.  The ADR consultation became a mediation, and

20   the parties on that date entered into a written agreement

21   entitled "Settlement Terms". A copy of the agreement is not

22   attached since that document is filed under seal in the U.S.

23   District Court matter.  The Settlement Terms provide for

24   arbitration of two very specific issues if the parties are

25   unable to resolve them.  Subsequently the parties signed an

1  agreement dated February 3, 2006 to arbitrate one of the two

2  issues, the other issue having been resolved by the parties.

3  The February 3, 2006 agreement to arbitrate is attached as

4  EXHIBIT 1, and incorporated by this reference.

5       The agreement to arbitrate addresses, among other

6  provisions, the rules of arbitration [the Commercial Arbitration

7  Rules of the American Arbitration Association, Amended and

8  Effective September 15, 2005 were adopted.  A copy of the AAA

9  Rules is attached as EXHIBIT 2], admissibility of the

10 arbitration agreement in any subsequent proceeding, and a choice

11 of law provision incorporating California law and agreeing to

12 submission to the jurisdiction of the federal and state courts

13 sitting in California in connection with any dispute arising

14 from the arbitration agreement.

15      **Dispute Subject to Arbitration:** A dispute arose between

16 PETITIONER and RESPONDENT concerning the amount of royalties

17 owing to PETITIONER by RESPONDENT for the publication and sale

18 of PETITIONER'S books.

19      **Arbitrator:** Stuart L. Gasner, Esq. was duly selected as

20 arbitrator.  The arbitration hearing was conducted on February

21 9, 2006 in San Francisco, California. The arbitration award was

22 not made until October 27, 2006.  The award requires neither

23 party to pay the other anything.  A copy of the award is

24 attached as EXHIBIT 3.  The signed award and its proof of

25

NOTICE OF MOTION AND MOTION TO VACATE - 3

1  service indicates that the award was served on PETITIONER on

2  October 27, 2006, which service is acknowledged by PETITIONER.

3      The PETITIONER requests that the court vacate the award

4  because the arbitrator's jurisdiction ended by law on March 12,

5  2006, no extensions were agreed to, and the arbitrator was

6  without jurisdiction to render an award on October 27, 2006.

7      PETITIONER requests a new arbitration hearing before a new

8  arbitrator chosen by the parties, to occur within sixty (60)

9  days of the court's ruling on this motion.

10     PETITIONER requests an award of costs of suit according to

11  proof.

12

13  January 31, 2007

14

15  _____

    MICHAEL R. LENNIE
    ATTORNEY FOR PETITIONER

16

17

18                          I

19

                          ISSUE

20  ISSUE: IS AN ARBITRATION AWARD FILED EIGHT AND ONE HALF

21  MONTHS AFTER THE CLOSE OF A CONTRACTUAL ARBITRATION

22  HEARING VOID OR VOIDABLE UPON A MOTION TO VACATE?

23

                          II

24  POINTS & AUTHORITIES

25  A.  What Rules Apply?

NOTICE OF MOTION AND MOTION TO VACATE - 4



1    The parties entered an Arbitration Agreement dated February

2    3, 2006 (**EXHIBIT 1**), paragraph 2 of which provided:

3

4         *Rules.   Unless otherwise agreed upon or modified by the*
          *parties in writing, the arbitration will be conducted*
5         *in accordance with the Commercial Arbitration Rules of*
          *the American Arbitration Association, Amended and*
6         *Effective September 15, 2005.*

7    **B. When Must The Arbitration Award Be Rendered?**

8    AAA Rule 41 titled "Time of Award" provides:

9
          *The award shall be made **promptly** by the arbitrator and,*
10        *unless otherwise agreed by the parties or specified by*
          *law, **no later than 30 days from the closing of hearing**,*
11        *or, if oral hearings have been waived, from the date of*
          *the AAA's transmittal of the final statements and*
12        *proofs to the arbitrator.* [See **EXHIBIT 2**, the
          *Commercial Arbitration Rules of the American*
13        *Arbitration Association, Amended and Effective*
          *September 15, 2005*]
14

15   California Code of Civil Procedure (hereafter "CCP")

16   section 1283.8 titled *Time for making award* provides as

17   follows:

18        *The award shall be made within the time fixed*
          *therfor by the agreement or, if not so fixed,*
19        *within such time as the court orders on petition*
          *of a party to the arbitration.* [See Rule 41, above
20        requiring award to be filed within 30 days.] *The*
          *parties to the arbitration may extend the time either*
21        *before or after the expiration thereof.  A party to*
          *the arbitration waives the objection that an award was*
22        *not made within the time required unless he gives the*
          *arbitrators written notice of his objection prior to*
23        *the service of a signed copy of the award on him.*

24   [See also, Legislative History of CCP section 1283.8

25   discussed in section C, following.]

C.  CCP Section 1283.8 is Both Mandatory and Jurisdictional

In a case calling for the rendering of an award within ten
(10) days, the court in Rusnak v. General Controls Co.
(1960) 183 C.A.2d 583, @ 584 found that the arbitrator had
rendered the award within the ten days in all respects
other than having notified the parties within that time.
The parties were notified shortly thereafter.  In ruling to
vacate, Judge Shinn cited established law stating:

> It is settled that the provisions of an agreement
> requiring the arbiter to render an award within a
> specified period **are mandatory and jurisdictional**
> and that an award rendered after the time has
> expired is a nullity, and must be vacated by the
> court upon proper application. (string of
> citations ommitted) Ibid @ page 584. [emphasis
> added]

Most recently, Rusnak was cited with favor in Bosworth
v. Whitmore (2006) 135 C.A.4[th] 536, @ 550, fn.12,
overruling vacation of award on other grounds.  The
Bosworth Court also pointed out that the Law Revision
Commission had recognized the **mandatory and jurisdictional**
nature of a provision of an agreement requiring the
arbiter to render an award within a specified period.
Ibid @ pages 550-551, fn.12.

The Bosworth Court took note of the Legislative
History of section 1283.8, and the Court granted the

Bosworths' motion to take judicial notice of the pertinent legislative history.  The Court found the legislative history particularly persuasive given that the Legislature unanimously enacted CCP section 1283.8 without change, exactly as recommended by the Commission.  Discussing the need for a provision in section 1283.8 allowing the Court to set a deadline in the absence of a time limit in the parties' agreement, the Court cited the Commission's statement that "A party may be prevented from obtaining any relief at all in such cases, for a court proceeding would be stayed until the arbitration is completed."

The Legislature did adopt into section 1283.8 the provision allowing the court to set a deadline in the absence of a time limit in the arbitration agreement.  In the present case, the Arbitrator's disregard of the **mandatory and jurisdictional** requirement that an award be rendered within 30 days caused exactly the type of prejudice foreseen by the Commission.  The Court proceedings were in fact stayed (See **EXHIBIT 4**, Judge Illston's June 12th Order) pending completion of an arbitration that was already three months beyond the time limit for filing an award.

As observed by the Bosworth Court, "Unreasonable delay in the resolution of the arbitration proceeding

1   could effectively deprive a party of the speedy

2   determination arbitration is intended to provide."

3       The present case clearly demonstrates the wisdom of

4   the Court's observation.  When an Arbitrator who has

5   agreed to render an award within 30 days instead waits 259

6   days the idea of a speedy resolution is stood on its head.

7       The court in Baar v. Tigerman (1983) 140 C.A.3d 979 @

8   page 983, not only found that the arbitrator had lost

9   jurisdiction by failure to file a timely award, but also

10  that he was not entitled to immunity from suit normally

11  extended to protect arbiters.  The Court in the more

12  recent case of Phillips v. JAMS (2006) 140 C.A.4th 795

13  likewise denied immunity to an arbiter who failed to

14  render a timely award, holding that "because such conduct

15  defeats rather than serves the adjudicatory purpose of

16  arbitration, arbitral immunity does not apply."

17  "The sole duty of the arbiter was to 'render a decision or

18  award.'" Rusnak @ page 584.

19

20  D.  **When Did The Arbitration Hearing Close?**

21      The arbiter contends on several occasions that since

22  he never declared the hearing closed, that the time to

23  render an award never commenced to run (See **EXHIBIT 5**

24  Arbitration Ruling(page 5, line 23), **EXHIBIT 6** August 25,

25

NOTICE OF MOTION AND MOTION TO VACATE - 8

2006 letter, EXHIBIT 7 October 23, 2006 letter, and **EXHIBIT**
3 October 27, 2006 Arbitration Award attached and discussed
below).

This logic is somewhat akin to that of Humpty Dumpty
when he declared "When I use a word" Humpty Dumpty said, in
rather a scornful tone, "it means just what I choose it to
mean – neither more nor less." Alice, not taken aback by
Humpty Dumpty's outrageous statement, retorted "The
question is," said Alice, "whether you can make words mean
so many different things."

Like Alice, I question whether the hearing remained
open simply because the Arbitrator had not declared it
closed, even though their remained no utility in its
openness. Accordingly, it is necessary to identify the
basis for a determination as to when an arbitration hearing
has closed, and see if there isn't something more definite
than the mere whim of the arbitrator.

AAA Rule 35 titled "Closing of Hearing" provides:

> *The arbitrator shall specifically inquire of all*
> *parties whether they have any further proofs to offer*
> *or witnesses to be heard. Upon receiving negative*
> *replies or if satisfied that the record is complete,*
> *the arbitrator shall declare the hearing closed. If*
> *briefs are to be filed, the hearing shall be declared*
> *closed as of the final date set by the arbitrator for*
> *the receipt of briefs. If documents are to be filed as*
> *provided in Section R-32 and the date set for their*
> *receipt is later than that set for the receipt of*

*briefs, the later date shall be the closing date of the hearing.  The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing.*

In the present matter the hearing occurred on February 9, 2006.  In the early afternoon of that date, the arbitrator declared that he was prepared to make a ruling which would conclude the matter.  Neither party stated they had "further proofs to offer or witnesses to be heard".  Consequently, the arbitrator announced his preliminary ruling and then stated the parties could brief the matter to "try to change my mind", setting a briefing schedule as follows (See **EXHIBIT 8**, August 22, 2006 letter from PETITIONER'S counsel):

```
PETITIONER Brief                Due 2/15/06
RESPONDENT Responsive Brief     Due 2/21/06
PETITIONER Reply Brief          Due 2/24/06
```

The parties continued to meet that day and the next discussing possible settlement.  Some progress was made including an agreement that the briefing schedule would be waived in exchange for the payment of additional consideration by defendant.  The waiving of the right to submit briefs to try to change the mind of the arbitrator was reported to the arbitrator on February 10, 2006 (See **EXHIBIT 8**, bottom of first page).

[Rule 32, referenced in Rule 35, above, and titled "Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence" is not applicable because no evidence of this type was requested or offered (See **EXHIBIT 8**).]

Accordingly, despite the Arbitrator's protestations to the contrary, the arbitration hearing *closed* on February 10, 2006, after all proofs and witnesses had been heard, and the briefing waived. [Note: even if the briefing had proceeded as originally scheduled, the hearing would have been deemed *closed* on February 24, 2006 *the final date set by the arbitrator for the receipt of briefs* (Rule 35).]

**E. Based on Arbitration Rules 41 and 35, When Was the Arbitration Award Required to Be Rendered?**

Under the Arbitration Rules, the deadline for filing the arbitration award is purely a function of mathematics. The award was due 30 days after February 10, 2006, or on March 12th. Since March 12th was a Sunday, the award was due on the next business day, March 13, 2006. [Note: once again, even if the briefing had proceeded as originally scheduled, the hearing would have been due 30 days following February 24, 2006, or on March 26, 2006 (again a Sunday resulting in a deadline of March 27, 2006)]

**E. When Was the Arbitration Award Rendered?**

The Arbitration Award was rendered and served on the parties on October 27, 2006, over eight and one-half (8 ½) months after the close of the hearing, or in other words, *the award was rendered seven and one-half (7 ½) months after the deadline had passed*.

**F. What Law Applies to Claims Arising From the Arbitration Agreement?**

The Arbitration Agreement, **EXHIBIT 1**, in paragraph 12 entitled *Choice of Law* provides in relevant part:

> *The interpretation and validity of this Agreement, and any and all claims arising under or in connection with this Agreement, shall be resolved by reference to the laws of the State of California applicable to contracts created and entered into in the State of California.*

**G. What Is the Proper Jurisdiction For This Motion To Vacate?**

The remainder of paragraph 12 of the Arbitration Agreement provides:

> *The parties submit to the jurisdiction of the federal and state courts sitting in California in connection with any dispute arising in connection with this Agreement.* [See **EXHIBIT 1**]

However, while the Arbitration Agreement would allow jurisdiction in either the federal or state courts, the applicable state law is more specific.  The contractual

arbitration law of California states in relevant part in CCP section 1292.2:

> ·Except as otherwise provided in this article, any petition made after the commencement or completion of arbitration **shall** be filed in the superior court in the county where the arbitration is being or has been held...(emphasis added)

Jurisdiction in the State's superior courts is also deemed to exist under the provisions of CCP section 1293 by reason of the parties having made an agreement in California providing for arbitration to be had within the State:

> The making of an agreement in this State providing for arbitration to be had within this State shall be deemed a consent of the parties thereto to the jurisdiction of the courts of this State to enforce such agreement by the making of any orders provided for in this title and by entering of judgment on an award under the agreement.

**H. Did the Parties Ever Agree to Extend the Time For Serving the Award?**

RESPONDENT on at least two occasions asked the arbitrator not to serve the award or to delay rendering and service [See **EXHIBITS 9** March 9,2006 letter, and **EXHIBIT 10** August 22, 2006 letter, page 2, end of first full paragraph], but numerous letters from PETITIONER make clear that PETITIONER never agreed to such implied request for an extension [See below.]

The Arbitrator on March 9, 2006 responded to one of RESPONDENT'S requests stating that <u>he had no intention of filing an award unless the parties stipulated to its contents or submitted briefs</u> [See **EXHIBIT 12** letter from Arbitrator]. However, it should be apparent that if parties could stipulate to the wording of an arbitration award, arbitration would hardly seem necessary. As to submitting briefs, both the Arbitrator (See **EXHIBIT 5** Arbitration Ruling page 6, line 2), and the RESPONDENT (See **EXHIBIT 10** Respondent letter, bottom of page 2) knew that briefing had been waived in exchange for other consideration, and so the filing of briefs was not an option.

## I. Did Plaintiff PETITIONER Make a Timely Written Objection?

A signed copy of the Award was served on Plaintiff on October 27, 2006. [See **EXHIBIT 3** Arbitration Award] Two e-mail letters were sent to the Arbitrator shortly before the original award deadline urging prompt service of an award, and seven e-mail letters were sent to the Arbitrator after the Award was due and prior to the service of an Award. The seven e-mail letters objected to and argued against the Arbitrator's claim of continuing jurisdiction explaining that jurisdiction no longer existed by reason of failure to

timely serve the Award. The essence of each of the nine (9)
PETITIONER written objections (two before the deadline and
seven after) and relevant letters for context from
Defendant RESPONDENT and Arbitrator Stuart Gasner are
summarized as follows:

1.    E-mail March 7, 2006 to Dawn (Curran), assistant
to the Arbitrator stating "PETITIONER is not
requesting that Mr. Gasner take it upon himself to
resolve remaining issues, but rather that he submit an
Arbitration Award of $35,000 plus the $15,000 negotiated in
lieu of further briefing ….... A Proposed Arbitration Award
is attached for Mr. Gasner's consideration." [See **EXHIBITS**
**13 and 14** March 7, 2006 letter and Proposed Arbitration
Award, respectively.]

2.    E-mail dated March 8, 2006 to Stuart Gasner, the
Arbitrator, explaining why the "briefing schedule had been
waived", documenting that the Arbitrator had been so
informed on or shortly after February 10, 2006, and stating
that "The parties to a stipulated binding arbitration are
entitled to the timely filing of an arbitration award as
has been requested by Plaintiff PETITIONER.  The setting of
this matter at this time for briefing by each side as to
issues that are not in dispute would irrevocably prejudice
PETITIONER."   The e-mail concluded with the appeal
"Therefore, I respectfully request that you reconsider your

call for a briefing schedule, and confirm that you will

timely file your Arbitration Award to avoid the injustice

that would otherwise occur.  [See **EXHIBIT 15**, March 8, 2006

letter.]

3.    E-mail dated March 9, 2006 from RESPONDENT objecting

to the entering of an arbitration award stating, in

relevant part, "RESPONDENT did not want anything to be

construed as its acquiescing in your entering an

arbitration award, certainly not in form presented by Mr.

Lennie, without an opportunity to brief the matter as you

directed yesterday." [See **EXHIBIT 9**, March 9, 2006 letter.]

4.    E-mail dated March 9, 2006 from the Arbitrator to

RESPONDENT stating in relevant part "I have no intention of

entering an award without either (a) agreement between the

parties as to what it should say if it is intended merely

to memorialize a common understanding of my tentative

ruling; or (b) briefing on the disputed issues."  [See

**EXHIBIT 12**, March 9, 2006 letter.]

5.    E-mail dated May 19,2006 from the Arbitrator to

counsel (both) offering "If I can be of further assistance,

either as a mediator or arbitrator, please let me know."

[See **EXHIBIT 16,** May 19, 2006 letter.]

6.    In late May of 2006 Plaintiff filed a Motion to

Enforce the August 1, 2005 Settlement Terms.  Defendant

moved that the Motion and all attachments be filed under

seal, and Judge Susan Illston so ordered.  Defendant argued

that there were further arbitrable issues, that Plaintiff

was attempting to avoid arbitration, and that Plaintiff's

Motion should be denied with the matter returned to the

Arbitrator for further proceedings.  [See **EXHIBIT 4** June

12, 2006 Order of J. Illston  and **EXHIBIT 5** August 16, 2006

Arbitration Ruling page 4, line 15 et al.]

7.   On June 12, 2006 Judge Illston denied Plaintiff's

Motion to Enforce, ordering the parties to proceed with

arbitration finding it was for the Arbitrator to determine

what issues are arbitrable.  [See **EXHIBIT 4**, Order of J.

Illston.]

8.   E-mail dated June 23, 2006 from Plaintiff to the

Arbitrator objecting to exercise of continuing jurisdiction

for three reasons, including that jurisdiction had expired

for failure to serve an award within 30 days.  [See **EXHIBIT

17**, June 23, 2006 letter.]

9.   E-mail dated August 2, 2006 noting that an amount of

$2500 has been posted to the Arbitrator as requested, and

noting its payment "subject to all objections noted..."

[See **Exhibit 18** August 2, 2006 letter.]

10.  Letter dated August 16, 2006 from the Arbitrator to

counsel attaching his Arbitration Ruling which finds that

there are no further arbitrable issues.  The Ruling also

discusses the "loose end" status of the Arbitration

1    Award. (See discussion below) [See **EXHIBIT 5** August 22, 2006

2    Arbitration Ruling.]

3    11.   Two page E-mail dated August 22, 2006 from Plaintiff

4    to the Arbitrator reviewing Arbitration Rules 35 and 41 and

5    explaining in detail why jurisdiction has expired.  [See

6    **EXHIBIT 8** August 22 letter.]

7    12.   E-mail dated August 22, 2006 to the Arbitrator from

8    RESPONDENT urging that the Arbitrator does still have

9    jurisdiction because since he has "not declared the

10   February 9, 2006 hearing closed, the time for issuance of

11   an award never commenced, and the arbitration remains

12   open".  The e-mail goes on to agree that there is

13   "...presently no need for further briefing or any further

14   action in the arbitration..." but that "...we ask that the

15   final ruling on the arbitration commenced on February 9 not

16   issue for at least 30 days."  [See **EXHIBIT 10** August 22,

17   2006 letter.]

18   13.   E-mail dated August 25, 2006 to the Arbitrator from

19   PETITIONER reiterating objections to jurisdiction and

20   requesting that he notify the Court as to "no further

21   arbitrable issues, and that there is no longer arbitration

22   jurisdiction."  In addition the e-mail notes that "without

23   waiver of our position (that jurisdiction no longer

24   exists)...we are opposed to any further delay beyond the

25   current six month delay, and request that the arbitration

NOTICE OF MOTION AND MOTION TO VACATE - 18

award be entered forthwith." [See **EXHIBIT 11** August 25, 2006 email.]

14. E-mail dated August 25, 2006 from the Arbitrator to both counsel acknowledging Plaintiff's objection, but repeating that the arbitration hearing has not yet been declared closed, and stating that "... post-hearing briefs are now due September 29, 2006..." [See **EXHIBIT 6** August 25, 2006 email.]

15. E-mail dated August 31, 2006 from Plaintiff to the Arbitrator stating that "For reasons previously stated, PETITIONER will not be submitting, and does not stipulate to submission of further briefs. Accordingly, there is no purpose in delaying for an additional month..." [See **EXHIBIT 19**, attached and incorporated by this reference]

16. Letter dated September 6, 2006 from the Arbitrator to Judge Illston informing her that "At the request of defendant Pearson (and over the objection of Plaintiff Martini), I postponed the submission of post-hearing briefs on the original arbitration (which was part of my ruling to September 29, 2006), so as to allow the parties time to work out their differences. The Arbitrator goes on to state his intent to "...keep the arbitration hearing open until September 29..." [See **EXHIBIT 20** letter]

17.   E-mail dated October 14, 2006 from Plaintiff to
Arbitrator noting continuing objection to jurisdiction.
[See **EXHIBIT 21** e-mail]

18.   E-mail dated October 23, 2006 from Arbitrator to
Plaintiff noting "Your continuing objection to my
jurisdiction..." and stating "...I believe the hearing
remained open until I noted my intention to close it on
September 29..."  Citing AAA Rule 41 he stated that the
deadline is October 27.   [See **EXHIBIT 7** e-mail]

19.   E-mail dated October 26, 2006, from Plaintiff to the
Arbitrator again noting that he (the Arbitrator) had been
informed of the parties' waiver of briefing shortly after
February 9, 2006; that he had previously acknowledged that
he had been told of the waiver; that Rule 35 does not allow
the hearing to remain open an additional six months after
briefing has been waived; that Rule 41 requires the award
be made promptly and no later than 30 days from the date of
closing the hearing; that the closing of the hearing cannot
just be held in abeyance by the arbitrator unilaterally and
in total disregard of the arbitration rules (See Rules 35
and 41); and that the date for filing an award has passed,
and no jurisdiction remains.   [See **EXHIBIT 22** e-mail]

20.   The "Arbitrator's Award Following February 9, 2006
Hearing" was issued and served the next day on October 27,
2006, more that eight and one-half (8 ½) months after the

completion of the arbitration hearing.    [See **EXHIBIT 3**

Arbitration Award]

J. **The Issue of Prejudice to the Aggrieved Party is Immaterial**

It follows that since the rendering of an award is

<u>mandatory and jurisdictional</u>, the aggrieved party is not

required to demonstrate prejudice to be entitled to vacate

the award.  The Court in <u>General Metals Corp v. Precision</u>

<u>Lodge</u> 1600 (1960) 183 C.A.2d 586 so held.  In <u>General</u>

<u>Metals</u> the arbitrator with a 15 day time limit to render an

award took two months.  The Court held that "Since the

arbitrator was without jurisdiction to act on July 10th <u>it</u>

<u>is immaterial</u> whether the company suffered prejudice by

reason of the delay.  The award was a nullity and it was

properly set aside." (emphasis added) Ibid @ page 587.


All documents attached and referenced herein as

"**EXHIBIT**" are hereby incorporated in whole as though set

forth in full as a part of this Motion, Notice of Motion

and Points & Authorities.


**IV**

**CONCLUSION**


NOTICE OF MOTION AND MOTION TO VACATE - 21

1       Based on the Exhibits and Points & Authorities cited

2   above, it appears clear that the Arbitrator was without

3   jurisdiction on October 27, 2006 to render an arbitration

4   award.  Moving party requests that this Court enter its

5   Order vacating the October 27, 2006 Arbitration Award, and

6   pursuant to CCP section 1287 "order a rehearing before new

7   arbitrators" to take place within sixty (60) days, once

8   again incorporating the Commercial Arbitration Rules

9   effective September 15, 2005, including, but not limited to

10  Rule 41 requiring an award be made promptly, no later than

11  30 days from the closing of the hearing, absent other

12  agreement of the parties.

13

14

15           Respectfully submitted,

16

17  _Michael R. Lennie_

18

19          Michael R. Lennie
          Attorney for PETITIONER

20

21

22

23

24

25

EXHIBIT 1

STUART L. GASNER
SGASNER@KVN.COM

February 3, 2006

Michael R. Lennie, Esq.
Attorney at Law
750 B Street, Suite 2500
San Diego, CA 92101
*Fax: (619) 515-5457*

Kent M. Roger, Esq.
Patricia Kim, Esq.
Morgan Lewis & Bockius LLP
One Market Plaza, Spear Street Tower
San Francisco, CA 94105
*Fax: (415) 442-1010*

Re:  *Frederick H. Martini, Inc. v. Pearson Education, Inc.*
     USDC, No. Dist. of Calif., Case No. C 04-4187 SI
     *Retainer Agreement re Binding Arbitration*

Dear Counsel:

This Arbitration Agreement ("Agreement") is dated February 3, 2005. The undersigned parties are engaged in a dispute which they hope to resolve by binding arbitration ("Dispute"). In an effort to resolve the Dispute, the parties desire to use the services of Stuart L. Gasner ("Arbitrator") to serve as an arbitrator. In consideration of these objectives and of the promises and agreements contained in this Agreement, and for other good and valuable consideration, the parties agree as follows:

1.  *Role of the Arbitrator.* The Arbitrator shall function as a neutral adjudicator and is given broad authority to conduct the process in any manner intended to achieve a fair and impartial hearing. The Arbitrator shall not, and does not, act as an attorney or advocate for any party. Participation in this process shall not be deemed to create, represent or imply the existence of any professional-client or fiduciary relationship between any party and the Arbitrator. Counsel and parties acknowledge the Arbitrator's earlier capacity as the Early Neutral Evaluator in this matter, having conducted the Early Neutral Evaluation on August 1, 2005. The parties reached a settlement of that matter, which contemplated the appointment of the Arbitrator to resolve certain issues as needed.

2.  *Rules.* Unless otherwise agreed upon or modified by the parties in writing, the arbitration will be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association, Amended and Effective September 15, 2005.

363834.01

Michael Lennie, Esq
Kent Roger, Esq.
February 3, 2006
Page 2

3. *Confidentiality and Privilege.* The parties are participating in the arbitration process voluntarily and for the sole purpose of resolving the Dispute. Subject to certain limitations set forth in applicable statutory and case law, statements made during or in connection with the arbitration are confidential. This arbitration is conducted pursuant to California law relating to arbitration. In addition, the parties and counsel agree not to disclose any conduct or statements made in connection with the arbitration or any writings relating to the arbitration to any other person or in the media. The arbitrator may not testify in any proceedings and the parties shall not seek to have the arbitrator testify or produce any records, reports, notes or other documents reviewed, received or prepared by him during the course of the arbitration process. The arbitrator may consult with others about this matter and may describe this matter for educational purposes as long as he does not disclose the parties' names or any other information which would specifically identify the parties. Since the parties are disclosing confidential information in reliance upon this agreement of confidentiality, any breach of this Agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any party to this Agreement may obtain an injunction to prevent disclosure of any such confidential information in violation of this Agreement.

4. *Release and Indemnity.* The arbitrator shall have no liability for any act or omission in connection with the arbitration or the arbitration process. The parties hereby release the arbitrator from any and all claims arising out of any aspect of the arbitration process. Any party who brings any claim, action or proceeding of any nature against the arbitrator or who seeks to have the arbitrator testify or produce records shall be responsible to indemnify the arbitrator for any and all costs, expenses, liabilities, losses or damages incurred, including but not limited to attorneys' fees and expenses incurred.

5. *Potential Conflicts of Interest.* At the present time, we currently represent parties in litigation against parties represented by Morgan Lewis & Bockius. The attorneys involved in those matters are not attorneys involved in the current matter. The cases are :

*JPMorgan Chase Bank, N.A. v. Francis A. Martin III; P.M. Tamkin, As Trustee Of The Martin Family Trust* (USDC, ND of CA, Case No. C-05-4531 MJJ)

*JPMorgan Chase Bank, N.A. v. Francis A. Martin III; Doe Trustee(S 1-10) of the Consuelo Tobin Martin 1988 Children's Trust; Doe Trustee(S 1-10) of the Helen De Young Cameron Trust; Doe Trustee(S 1-10) of the George T. Cameron Trust; Doe Trustee(S 1-10) of the Constance De Young Tobin Trust; And P.M. Tamkin, Constance Martin Goodyear, Candyce Martin, and Helen Martin Spalding as Co-Trustees of the Martin Family Trust; Peter Folger as Trustee of the Consuelo Tobin Martin 1999 Irrevocable Trust FBO Francis Augustus Martin III*

383834.01

Michael Lennie, Esq
Kent Roger, Esq.
February 3, 2006
Page 3

      (San Francisco Superior Court, Case No. CPF-05-505740)

          Brett M. Schuman, Mark S. Kokanovich and Eugene Bannigan of
          Morgan Lewis & Bockius represent JP Morgan's interests in the
          two matters listed above.

     *Presidio Financial Partners, LLC v. Samuel A. Wilkins, III*
     (San Francisco Superior Court, Case No. CGC 05-446391)

          Vincent Finigan, Jr. and Gregg Yates represent Presidio Financial
          Partners interests in this matter.

     As mentioned in the conference call on this matter, I do not think these matters in any
way affect my impartiality, but I disclose this in the interest of full disclosure and to allow
counsel the opportunity to discuss this.

     By signing this Agreement, the parties expressly waive any actual and potential conflicts
which may exist.

     6.     *Admissibility of Agreement.* Notwithstanding the terms of Paragraph 3 above,
          this Agreement shall be admissible in any subsequent proceeding to prove the
          existence of the Agreement and/or to enforce its terms.

     7.     *Execution of Agreement.* This Agreement is signed before the commencement
          of the arbitration by each of the persons whose signature appears below. This
          Agreement may be executed in counterparts which, taken together, shall
          constitute the whole of the Agreement as between the parties and the
          Arbitrator. A facsimile copy of this Agreement shall be treated as an
          originally signed document.

     8.     *Arbitration Fees.* The fee of the Arbitrator shall be $590.00 per hour. His
          associate, Laurie Mims, will be billed at the rate of $320.00 per hour. All such
          fees shall be paid in equal shares by the parties. Counsel for the parties
          guarantee payment of such fees. The fee covers conference time, time spent
          convening the arbitration and discussing procedure with parties and/or counsel,
          case administration fees, and the arbitrator's time reviewing written briefs and
          supporting materials. A deposit of $15,000 to be paid in equal shares by the
          parties is due on or before February 8, 2005, to be held in Trust. All fees and
          expenses will be charged against this amount. Should the total fees exceed the
          amount held in Trust, the parties remaining fees are due immediately upon
          receipt of a monthly invoice itemizing all time and charges. If all fees are not
          received as billed, the arbitration session will not go forward. Fees for any
          additional time will be billed following the session and are due upon receipt of
          the invoice.

Michael Lennie, Esq
Kent Roger, Esq.
February 3, 2006
Page 4

9.      *Amendment in writing.* This Agreement may only be amended by written agreement of the parties and the Arbitrator.

10.     *Authority.* The parties warrant and represent that their undersigned representatives are authorized to execute this Agreement, and that any required corporate, partnership, joint venture or other resolutions or authorizations have been duly and properly obtained.

11.     *Independent legal advice.* Each party has received independent legal advice from attorneys of their own choice, with respect to the advisability of making the agreements provided for in this Agreement. Prior to executing this Agreement, each party's attorneys reviewed this document at length and made all desired changes.

12.     *Choice of law.* The interpretation and validity of this Agreement, and any and all claims arising under or in connection with this Agreement, shall be resolved by reference to the laws of the State of California applicable to contracts created and entered into in the State of California. The parties submit to the jurisdiction of the federal and state courts sitting in California in connection with any dispute arising in connection with this Agreement.

We, the undersigned, hereby acknowledge that we have read this document in its entirety, that we know and understand the contents thereof, that we have had an opportunity to consult with others (including other attorneys) concerning its contents and that we are bound by its terms.

Very truly yours,


SLG/dc                                          STUART L. GASNER

Agreed and accepted:


Dated: __February 9__, 2006

By: __Michael Lennie__
    Michael Lennie, Esq.
    for himself and on behalf of
    Plaintiff *Frederick H. Martini, Inc.*


363634.01

Michael Lennie, Esq
Kent Roger, Esq.
February 3, 2006
Page 5

Dated: ‾Feb 9‾‾‾‾‾‾‾‾, 2006

By: ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Kent M. Roger, Esq.
Morgan Lewis & Bockius LLP
for themselves and on behalf of Defendant
*Pearson Education, Inc. dba Benjamin Cummings*

363634.01





**Commercial Arbitration Rules and Mediation Procedures**
**(Including Procedures for Large, Complex Commercial Disputes)**
Amended and Effective September 15, 2005 (Fee Update).
Click here to view a summary of the previous Rules changes.

TABLE OF CONTENTS

IMPORTANT NOTICE
INTRODUCTION
STANDARD ARBITRATION CLAUSE
ADMINISTRATIVE FEES
MEDIATION
LARGE, COMPLEX CASES


COMMERCIAL MEDIATION PROCEDURES
M-1. Agreement of Parties
M-2. Initiation of Mediation
M-3. Requests for Mediation
M-4. Appointment of the Mediator
M-5. Qualifications of the Mediator
M-6. Vacancies
M-7. Representation
M-8. Date, Time, and Place of Mediation
M-9. Identification of Matters in Dispute
M-10. Authority of the Mediator
M-11. Privacy
M-12. Confidentiality
M-13. No Stenographic Record
M-14. Termination of Mediation
M-15. Exclusion of Liability
M-16. Interpretation and Application of Procedures
M-17. Expenses
ADMINISTRATIVE FEES


COMMERCIAL ARBITRATION RULES
R-1. Agreement of Parties
R-2. AAA and Delegation of Duties
R-3. National Roster of Arbitrators
R-4. Initiation under an Arbitration Provision in a Contract
R-5. Initiation under a Submission
R-6. Changes of Claim
R-7. Jurisdiction
R-8. Mediation
R-9. Administrative Conference
R-10. Fixing of Locale
R-11. Appointment from National Roster
R-12. Direct Appointment by a Party
R-13. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
R-14. Nationality of Arbitrator
R-15. Number of Arbitrators
R-16. Disclosure
R-17. Disqualification of Arbitrator
R-18. Communication with Arbitrator
R-19. Vacancies
R-20. Preliminary Hearing
R-21. Exchange of Information
R-22. Date, Time, and Place of Hearing
R-23. Attendance at Hearings
R-24. Representation
R-25. Oaths
R-26. Stenographic Record
R-27. Interpreters
R-28. Postponements
R-29. Arbitration in the Absence of a Party or Representative
R-30. Conduct of Proceedings