IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERIC H. MARTINI, | No. C 07-1028 SI |
| Petitioner, | **ORDER DENYING PETITION TO VACATE** |
| v. | |
| PEARSON EDUCATION, INC., | |
| Respondent. | |

On May 17, 2007, the Court heard argument on petitioner's petition to vacate the arbitration award. For the reasons set forth below, the Court DENIES the petition.

**BACKGROUND**

Petitioner Frederic H. Martini, Inc. ("Martini") is in the business of authoring anatomy and physiology textbooks for respondent Pearson Education Inc. ("Pearson"). In a related action, *Martini v. Pearson Education Inc.*, 04-4187 SI ("*Martini I*"), Martini alleged that Pearson has published electronic versions of Martini's textbooks in violation of the copyright laws and numerous contracts between the parties. *Martini I* alleges claims for copyright infringement, breach of contract and common law fraud, and seeks damages and an accounting.

On August 1, 2005, the parties in *Martini I* participated in a court-ordered Early Neutral Evaluation, which was conducted by Stuart Gasner, Esquire. During the session, the parties agreed to move into a mediation mode, and were able to reach a settlement as to most issues ("August 1, 2005 Settlement Terms"). Among other things, the Settlement Terms required Pearson to produce various documents. After Pearson completed its production of documents as required by the August 1, 2005

Settlement Terms, a dispute arose between the parties regarding the amounts Pearson owed to Martini, with Martini contending that Pearson owed him an additional $233,324 in royalties and $77,666 in auditor's fees. Pearson disagreed, and the parties agreed to proceed to arbitration in accordance with the Settlement Terms.

The parties signed an Arbitration Agreement, dated February 3, 2006, providing that, *inter alia*, "the arbitration will be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association." Arbitration Agreement, attached as Ex. 1 of Petition at ¶ 2. The Agreement also provides that the "interpretation and validity" of the Agreement and "all claims arising under or in connection with" the Agreement "shall be resolved by reference to the laws of the State of California applicable to contracts." *Id.* ¶ 12.

The parties proceeded to arbitration on February 9, 2006. During that arbitration proceeding, Mr. Gasner orally stated his tentative ruling that the revenue allocation issue was one of the issues settled by the Settlement Terms, and that Martini could not use his method of accounting to increase the settlement amount that Pearson owed him. After announcing his tentative ruling, Mr. Gasner stated that he would proceed to take up the dispute over the Settlement Agreement and consider post-hearing briefs prior to rendering his final decision. Mr. Gasner and the parties then scheduled post-hearing briefs.

At this point in the arbitration proceeding the parties agreed to recess the arbitration to continue negotiating a final settlement agreement on their own. Mr. Roger, counsel for Pearson, has submitted a declaration stating that "[a]t the end of the day on February 10, the parties believed that they had made sufficient progress toward final settlement to justify continuing the arbitration and to forego post-hearing briefing as to any award on the payment allocation issue," and the parties so notified Mr. Gasner. Roger Decl. ¶ 4.[1]

However, the parties did not settle the revenue issue. On March 7, 2006, Martini sent an email

---

[1] Martini asserts that the parties agreed to waive briefing in exchange for Pearson's payment of an additional $50,000 to Martini, and that based upon this agreement, the arbitration was "closed." However, the record shows that the parties dispute the nature of this agreement; Mr. Roger's August 22, 2006 letter to Mr. Gasner states, *inter alia*, "[t]he February 10, 2006 offer by Pearson to pay $50,000 to waive further briefing was based on an understanding that the parties were not only foregoing further briefing, but were also proceeding to complete the Settlement Agreement without further legal or arbitration proceedings . . . ." Petition Ex. 10. Mr. Gasner noted the parties' dispute on this point in the October 27, 2006 arbitration award. Petition Ex. 3 at 3.

to Mr. Gasner requesting entry of the Arbitration Award. *Id*. Ex. 5. In an email dated March 8, 2006, Mr. Gasner informed the parties that he needed the parties to submit post-hearing briefs before he could issue the Arbitration Award. *Id*. Martini's counsel responded to Mr. Gasner's email by stating that he did not believe post-hearing briefs were required, and again requesting that Mr. Gasner enter the Arbitration Award. *Id*. Ex. F. Pearson objected to Martini's request, and Mr. Gasner again informed the parties that he would not enter an award without either an agreement between the parties as to what the award should say, or further briefing on the disputed issues. *Id*.

On March 12, 2006, Martini filed a certification with this Court stating that "complete settlement [of the dispute] has not in fact occurred" and requesting that the Court restore *Martini I* to the docket.[2] *See* Docket No. 46 in *Martini I*. By order filed March 16, 2006, the Court reopened *Martini I*. *See id.* at Docket No. 47. On May 2, 2006, Martini filed a motion for an order enforcing settlement, requesting that the Court enforce selected terms from the August 1, 2005 Settlement Terms, as well as the supposed "oral agreement" between the parties whereby Pearson agreed to pay Martini an additional $50,000 in royalties. Pearson opposed the motion.

By order filed June 12, 2006, the Court denied Martini's motion, and ordered the parties to proceed with arbitration before Mr. Gasner. The Court's order also stated that to the extent the parties disputed what matters were subject to arbitration, Mr. Gasner should make that determination in the first instance.

The parties returned to arbitration. On June 22, 2006, Mr. Gasner held a telephonic conference with the parties during which counsel agreed, in lieu of a formal hearing, to submit briefs setting forth their respective positions on what issues were arbitrable. The parties submitted briefs on July 17, 2006, and on August 16, 2006, Mr. Gasner served his Arbitration Ruling on the question of what issues were

---

[2] By order filed August 12, 2005, the Court conditionally dismissed *Martini I* based upon the parties' representation that they had reached a settlement at the August 1, 2005 ENE. That order stated that the dismissal would be vacated if either party certified to the Court within 90 days that the settlement had not been finalized. *See* Docket No. 39 in *Martini I*.

On three occasions between October and December 2005, the parties submitted stipulations to the Court seeking extensions of the date of dismissal upon settlement. *See id.* at Docket Nos. 40, 42, 44. Those stipulations all stated that since August 1, 2005 the parties had been engaging in "active and good faith efforts to finalize the Settlement Agreement," but that despite these efforts the parties had not yet been able to reach a final agreement. *See id.* at Docket No. 44 at 3. The Court granted three extensions of the date of dismissal. *See id.* at Docket Nos. 41, 43, 45.

3

arbitrable between the parties. *See* Petition Ex. 5. Mr. Gasner found that the only issues that were arbitrable were (1) disputes about or resulting from the production of documents pursuant to the Settlement Terms (over which there was no dispute), and (2) disputes regarding the amounts owed for royalties on products identified through that production (an issue that was disputed). *Id*. at 2. That ruling also states, *inter alia*,

> One loose end is the status of the arbitration award from the February 9, 2006 hearing. As the parties will recall, I stated my tentative ruling, but indicated that I would not make any final determination until the issues had been further briefed in post-hearing memoranda. . . . The arbitration hearing was effectively suspended during the pendency of motion practice before Judge Illston, and I never closed the hearing. See AAA Commercial Arbitration Rules, Rule 35 (Closing of hearing). Accordingly, the time for issuance of an arbitration award never commenced, and the arbitration remains open. *Id*. ("The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing.").

*Id*. at 5. Mr. Gasner then left the issue of further briefing to the parties, and stated that the parties should agree on whether both parties would submit briefs or neither would submit such briefing. *Id*. at 6. The Arbitration Ruling stated that if no briefs were received within 14 days of the date of the Ruling (August 16, 2006), Mr. Gasner would finalize his tentative ruling. *Id*.

After Mr. Gasner issued the August 16, 2006 Arbitration Ruling, Martini's counsel emailed Mr. Gasner and stated, *inter alia*,

> I respectfully take issue with the portion of your ruling in which you state "The arbitration hearing was effectively suspended during the pendency of motion practice before Judge Illston . . . ." We believe the appropriate answer to the final question of "where to go from here" is that your ruling as to no further arbitrable issues should be forthwith filed with the Court including the conclusion that in any event, jurisdiction has expired, and does not allow the filing of an arbitration award.

Petition Ex. 8. Martini's counsel also noted that the parties continued to engage in settlement negotiations, and that they were making some progress in that regard. *Id*. By letter dated August 22, 2006, Pearson's counsel responded, and stated that (1) Pearson believed that Mr. Gasner continued to have jurisdiction because he never declared the hearing closed, and (2) "[w]e agree with Mr. Lennie's statement that because the parties have made progress finalizing the Settlement Agreement, there is presently no need for further briefing or any further action in the arbitration." *Id*. Ex. 10.

In a letter dated August 25, 2006, Mr. Gasner set September 29, 2006 as the due date for post-hearing briefs. *Id*. Ex. 6. Mr. Gasner acknowledged Martini's objection to his continuing jurisdiction,

4

but reiterated his belief that the arbitration hearing had not yet been declared closed. On October 27, 2006, Mr. Gasner rendered the Arbitration Award. *Id*. Ex. 3.

On February 5, 2007, Martini filed a "Petition to Vacate Contractual Arbitration Award" in the Superior Court for the County of San Francisco. Pearson removed the petition to this Court on the grounds of diversity jurisdiction, and by order filed March 1, 2007, this Court related the removed action to *Martini I*. Presently before the Court is Martini's petition to vacate the October 27, 2006 Arbitration Award.

## DISCUSSION

The parties dispute whether the petition to vacate the arbitration award is timely; this question in turn depends on whether the FAA rules or California time limits regarding the filing of a petition to vacate apply. The Court finds it unnecessary to resolve this question, however, because even if the petition is timely, the petition lacks merit.

Petitioner moves to vacate the October 27, 2006 arbitration award on the ground that Mr. Gasner lacked authority to enter the arbitration award because the time to enter an award had already lapsed. Petitioner argues that under AAA Rules 35 and 41, the arbitration hearing "closed" on February 10, 2006 – the day the parties informed Mr. Gasner that they would not be submitting post-hearing arbitration briefs because they were engaged in settlement negotiations – and thus that Mr. Gasner was required to enter an arbitration award within 30 days of February 10, 2006, or March 13, 2006.[3] Thus, petitioner contends that the October 27, 2006 arbitration award is untimely, and that Mr. Gasner lacked jurisdiction to enter that award.

AAA Rule 35, "Closing of Hearing," provides:

> The arbitrator shall specifically inquire of all parties whether they have further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed. If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Section R-32 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the closing date of the hearing. The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon

---

[3] Thirty days after February 10, 2006 is March 12, which was a Sunday.

5

the closing of the hearing.

Commercial Arbitration Rules, Rule 35 (attached as Ex. 1 to Petition). AAA Rule 41, "Time of Award," provides that "[t]he award shall be made promptly by the arbitrator and, unless agreed by the parties or specified by law, no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator." *Id.* at R-41.

Thus, the threshold question is when the arbitration hearing was closed. In his correspondence with the parties, Mr. Gasner stated that he did not declare the hearing closed until September 29, 2006, which was the final date Mr. Gasner set for the filing of arbitration briefs. The Court agrees that the record shows that Mr. Gasner did not close the hearing on February 10, 2006; on that day, the parties believed that they had made sufficient progress toward final settlement to justify "continuing the arbitration" and to forego post-hearing briefing. Thus, the arbitration was not closed on February 10, 2006 – it was suspended. Once the parties' settlement negotiations fell apart, Mr. Gasner repeatedly informed the parties that he required post-hearing briefs before he could enter a final arbitration award. The Court finds that the arbitration hearing was closed on September 29, 2006, the deadline Mr. Gasner set for the filing of post-hearing briefs after the resumption of arbitration. *See* AAA Rule 53 ("The arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties."); *In re: Koch Oil & Transocean Gulf Oil Co.*, 751 F.2d 551, 554 (2d Cir. 1985) (holding AAA Rule 53 gives arbitrators, and ultimately the AAA, the power to interpret and apply AAA rules; rejecting parties' argument that arbitration award was untimely because AAA found award was timely).

Further, the Court finds that the delay between the February 2006 arbitration and the ultimate award on October 27, 2006 was due to circumstances within petitioner's control. First, the parties interrupted the February 2006 arbitration in order to pursue settlement. Second, once it was apparent that those settlement discussions were unsuccessful, Martini ignored Mr. Gasner's directive to file post-hearing briefs, and further delayed proceedings by filing a "motion to enforce settlement" in this Court. The briefing on that motion was protracted and, and ultimately resulted in this Court's June 9, 2006 order denying Martini's motion and compelling further arbitration. On this record, it is disingenuous for petitioner to assert that the arbitration hearing "closed" on February 10, 2006.

Accordingly, because the Court finds that the arbitration hearing closed on September 29, 2006, and thus that the October 27, 2006 arbitration award was timely, the Court need not reach the parties' remaining arguments.[4]

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's petition (Docket No. 1).

**IT IS SO ORDERED.**

Dated: May 21, 2007

SUSAN ILLSTON
United States District Judge

---

[4] Petitioner contends that an untimely arbitration award must be vacated because the time limitations are jurisdictional. The Court notes that the cases that petitioner relies on are inapposite; they hold that when a *court* sets a date for the completion of an arbitration pursuant to California Code of Civil Procedure § 1283.8, and an arbitration award is entered after that date, the award is void unless the parties extend the time or waive the objection that the award was untimely. *See Bosworth v. Whitmore*, 135 Cal. App. 4th 536, 500 n. 12 (2006) (citing *Baar v. Tigerman*, 140 Cal. App. 3d 979 (1983)). Here, the Court did not set a date for the completion of the arbitration, and indeed, petitioner's entire untimeliness argument depends on the application of the AAA rules.